UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60434 -Civ-SCOLA

LEHMAN BROTHERS HOLDINGS, INC.

    Plaintiff,
vs.

STUART FEARER,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

THIS MATTER is before the Court on the Defendant's Motion to Dismiss For Failure To State A Claim. For the reasons explained in this Order, the Motion is granted in part, as to Count III, and denied in part, as to Counts I and II.

### I. BACKGROUND[1]

This is a professional negligence case. The Defendant, Stuart Fearer, was an independent, professional real estate appraiser. Fearer conducted appraisals on three properties in Broward County, Florida, relevant to this lawsuit. These appraisals were conducted in connection with securing loans for the properties. Fearer allegedly substantially overstated the values of the properties, resulting in loans being made for more money than the properties were actually worth. The Plaintiff, Lehman Brothers Holdings, Inc., purchased the residential mortgage loans, secured by these properties, on the secondary mortgage market. The loans eventually went into default. These defaults resulted in substantial losses to Lehman Brothers because the loans were for more than the actual value of the properties. Lehman Brothers contends that these losses are directly attributable to Fearer's allegedly negligent appraisals.

### II. LEGAL STANDARDS

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most

---

[1] The facts in this section are taken from the allegations in the Complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (explaining that a court ruling on a defendant's motion to dismiss a complaint must accept well-pleaded factual allegations as true); *see also Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal.  *See Twombly*, 550 U.S. at 555.  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed.  *See Twombly*, 550 U.S. at 557.  "[T]he standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the required element."  *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).  "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 556.

### III. DISCUSSION

A. <u>Lehman Brothers Has Adequately Pleaded A Cause Of Action For Negligence (Count I)</u>.

Under Florida law, a claim for negligence consists of four elements: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury."  *Estate of Rotell ex rel. Rotell v. Kuehnle*, 38 So. 3d 783, 788 (Fla. Dist. Ct. App. 2010).

Here, Fearer argues that Lehman Brothers's count for negligence fails to state a claim because the Complaint does not allege who hired Fearer to perform the appraisals. (Mot. Dismiss 6, ECF No. 5.) Fearer also contends that the claim is deficient because it does not allege when and how Lehman Brothers came to own the residential mortgage loans secured by the subject properties. (*Id.*) Finally, Fearer argues that the Complaint fails to allege sufficient facts to show how Lehman Brothers reasonably relied on Fearer's appraisals. (*Id.*)

The Complaint in this case alleges facts in furtherance of the elements of a negligence claim with sufficient particularity. Specifically, Lehman Brothers has alleged facts to support its averments that Fearer owed a duty to conduct the appraisals with reasonable care, and that he breached that duty. (Compl. ¶¶ 16-21, ECF No. 1.) Lehman Brothers has also alleged facts to show that Fearer's breach caused it to be injured, and that it suffered damages as a result of that injury. (Compl. ¶¶ 9, 22-23.) The identities of the persons or entities that hired Fearer to perform the appraisals or from whom Lehman Brothers purchased the loans are not essential elements of a negligence claim. Accordingly, Lehman Brothers has adequately alleged its claim for negligence; this count will not be dismissed.

### B. Lehman Brothers Has Adequately Pleaded A Cause Of Action For Negligent Misrepresentation (Count II).

Under Florida law, a claim for negligent misrepresentation consists of four elements:

> (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely [] on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.

*Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 309 (Fla. Dist. Ct. App. 2011). Since a claim of negligent misrepresentation is based upon fraud, rather than negligence, this claim must satisfy the heightened pleading requirement set forth in Federal Rule of Civil Procedure 9(b). *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 WL 2049431, at *6 (S.D. Fla. June 5, 2012) (Scola, J.); *accord Pruco Life Ins. Co. v. Brasner*, No. 10-80804, 2011 WL 2669651, at *4 (S.D. Fla. July 7, 2011) (Cohn, J.); *and Weitz v. Celebrity Cruises, Inc.*, No. 10-20267, 2010 WL 1882127, at *1 (S.D. Fla. May 11, 2010) (Altonaga, J.).

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and

knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). To meet this standard, the Complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud. *Id.*

Fearer argues that Lehman Brothers's claim for negligent misrepresentation is inadequate because it fails to allege how the misrepresentations were made to Lehman Brothers, and when the misrepresentations were alleged made. (Mot. Dismiss 7, ECF No. 5.) Although Fearer does not cite to Rule 9(b), his arguments are essentially that Lehman Brothers has not alleged, with sufficient particularity, the details of the alleged fraudulent conduct. (*Id.*)

Here, in paragraphs 8 and 11 of the Complaint, Lehman Brothers has alleged with sufficient particularly *what* statements or omissions it contends are actionable. In paragraph 7 of the Complaint, Lehman Brothers alleged *who* made the statements or omissions. In paragraph 9, Lehman Brothers alleged *how* the statements or omissions misled Lehman Brothers. Although, the Complaint does not precisely allege the time and place of the misrepresentations (*i.e.*, *when* the statements or omissions were made), the surrounding details are more than adequate to fully inform Fearer of what statements/omissions Lehman Brothers has based this claim upon, and how Lehman Brothers contends it was misled and subsequently injured. Accordingly, this claim will not be dismissed.

The Court has also considered and rejects Fearer's argument that *Cooper v. Brakora & Assocs., Inc.*, 838 So. 2d 679 (Fla. Dist. Ct. App. 2003) bars this claim. *Cooper* does not stand for the proposition that a real estate appraiser can never be liable to a third party in a mortgage loan transaction, as argued by Fearer. The holding of *Cooper* is that a real estate appraiser, who is retained by a lender to help it evaluate the risk that it might undertake by agreeing to loan money to a borrower to purchase a home, cannot be held liable by the borrower since the loan transaction is separate from the purchase-sale transaction. *Cooper*, 838 So. 2d at 682. In this case, Lehman Brothers is on the lender side of this divide.

    C. *Lehman Brothers's Count For Negligence Per Se (Count III) Fails To State A Claim Upon Which Relief May Be Granted*.

A claim of negligence connected with an alleged violation of a statute, under Florida law, may fall within one of three categories: (1) strict liability,[2] (2) negligence per se, and (3) evidence of negligence. *Eckelbarger v. Frank*, 732 So. 2d 433, 435 (Fla. Dist. Ct. App. 1999). "The first category creates strict liability or conclusively actionable negligence, the second category comprises violations which provide proof of negligence, and the third category consists of violations which provide evidence of negligence." *Brackin v. Boles*, 452 So. 2d 540, 545 (Fla. 1984). A negligence per se claim asserts a violation of a "statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198, 201 (Fla. 1973). The third category of statutes, deemed evidence of negligence, are statutes enacted to protect the general public, as opposed to a particular class of individuals. *Chevron U.S.A., Inc. v. Forbes*, 783 So. 2d 1215, 1219 (Fla. Dist. Ct. App. 2001).

Lehman Brothers has alleged, in Count III, that Fearer violated Florida Statute Section 475.628, and that this violation constitutes negligence per se.[3] Fearer argues that this alleged statutory violation is in the category of "evidence of negligence" (also referred to as *prima facie* evidence of negligence), as opposed to being negligence per se. Fearer's argument is predicated upon Florida Statute Section 475.610, which reads: "The Legislature deems it necessary *in the interest of the public welfare* to regulate real estate appraisers in this state." (emphasis added). Florida Statute Section 475.628 is part of Chapter 475, Part II. Section 475.610, is the first

---

[2] A strict liability statute is one "designed to protect a particular class of persons from their inability to protect themselves, such as one prohibiting the sale of firearms to minors." *deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198, 201 (Fla. 1973).

[3] Florida Statute Section 475.628 reads:

> **Professional standards for appraisers registered, licensed, or certified under this part.** – The board shall adopt rules establishing standards of professional practice which meet or exceed nationally recognized standards of appraisal practice, including standards adopted by the Appraisal Standards Board of the Appraisal Foundation. Each appraiser registered, licensed, or certified under this part must comply with the rules. Statements on appraisal standards which may be issued for the purpose of clarification, interpretation, explanation, or elaboration through the Appraisal Foundation are binding on any appraiser registered, licensed, or certified under this part, upon adoption by rule of the board.

section of Part II, and is titled "Purpose." Fearer reasons, since Section 475.628 was only intended to protect the public-at-large, and not a particular group of individuals, at most Section 475.628 can be used as evidence of negligence, but cannot be serve as the basis of negligence per se.

Typically, negligence per se statutes are associated with penal or criminal regulations. *See, e.g.*, *Hines v. Reichhold Chems., Inc.*, 383 So. 2d 948, 952 (Fla. Dist. Ct. App. 1980). On the other hand, statutes that regulate professionals, and are remedial in nature, are generally construed as mere evidence of negligence. *See e.g.*, *Lingle v. Dion*, 776 So. 2d 1073, 1077 (Fla. Dist. Ct. App. 2001). In *Lingle*, the court reviewed a statute, and corresponding provisions of the Florida Administrative Code, which regulated the medical practice and set forth disciplinary actions for doctors who violated the rules of that profession. *Id.* The court determined that because the statute and the corresponding regulations did "not purport to give any protections to any particular class of people beyond the public at large," a violation of those regulations could not be construed to constitute negligence per se. *Id.*

Chapter 475, Part II of the Florida Statutes, which regulates appraisers, falls under Title XXXII of the Florida Statutes which covers the regulation of professions and occupations. Section 475.610 clearly expresses the legislature's conclusion that the need for rules regulating appraisers is to protect the general public. Although Chapter 475, Part II contains provisions to impose disciplinary actions on appraisers who violate a standard of professional practice that does not necessarily mean the Statute should be construed as negligence per se. *Lingle*, 776 So. 2d at 1077. Since Chapter 475, Part II does not purport to give any protections to any particular class of people beyond the public at large, and given the Florida Legislature's clear expression that the purpose of this Statue is to protect the general public, a violation of this statue (or any related administrative codes) cannot be construed as negligence per se. Instead, the violation of this Statute is more appropriately viewed as evidence of negligence. Consequently, Count III of the Complaint will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED** that the Defendant's Motion to Dismiss For Failure To State A Claim (ECF No. 5) is **GRANTED in part, and DENIED in part**. Count III of the Complaint is **DISMISSED with prejudice**.

Unrelated to the Motion to Dismiss, the Court notes that this matter is before the Court under diversity jurisdiction. Lehman Brothers has alleged that Fearer is "residing" in Florida. (Compl. ¶ 2.) Under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile,[4] of the parties that is the relevant inquiry, not their residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence.").

Consequently, Lehman Brothers has failed to adequately allege the citizenship of Fearer. It is **ORDERED** that Lehman Brothers shall file an amended complaint, sufficiently alleging the citizenship of Fearer on or before **December 21, 2012**. Fearer's answer to the amended complaint is due within ten days of it being filed.

**DONE and ORDERED** in chambers, at Miami, Florida, on December 13, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*

---

[4] For diversity purposes, with respect to individuals, "citizenship" is synonymous with "domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).